## Graver v. O'Reilly, Appellant.

*Partition—Sale in partition—Payment of bidder's check.*

Where real estate is put up at a master's sale in partition, and the lessee of the land with full knowledge of the terms of the sale bids in the property and gives to the master his check for ten per cent of the bid as provided by the terms of sale, the purchaser cannot set up against the payment of the check claims which he had against the owners of the land arising under his lease.

Argued Nov. 19, 1913. Appeal, No. 44, April T., 1914, by defendant, from order of C. P. Allegheny Co., July T., 1913, No. 2,032, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Albert B. Graver v. W. C. O'Reilly. Before Rice,

P. J., HENDERSON, MORRISON, ORLADY, HEAD and POR-TER, JJ.   Affirmed.

Assumpsit on a check.

Rule for judgment for want of a sufficient affidavit of defense.

HAYMAKER, J., filed the following opinion:

The plaintiff was appointed master in partition, and the case was so proceeded in that he was ordered by the court to sell the real estate described in the bill at public sale, on the following terms:

"Ten per cent. of the purchase price to be paid on the day of sale, one-third of the purchase price including said ten per cent. to be paid on the delivery of the Master's deed upon confirmation of the sale by the Court; the remaining two-thirds of the purchase price to be payable in two equal installments in one and two years from the date thereof, with interest payable semi-annually and to be secured by common bond and mortgage on the premises, containing the usual thirty days Sci. Fa. default clauses."

The plaintiff, as such officer of the court, and in pursuance of said order of sale, advertised the property and it was offered at public sale, the terms of which as above set forth having been previously publicly announced, whereupon the defendant made a bid of $45.50 per acre, and he being the highest bidder it was on May 22, 1913, knocked down and sold to him.

The defendant thereupon gave the plaintiff his check of the same date, in lieu of the ten per cent cash payment, as provided in the terms of sale, which being dishonored on presentation this action is brought to recover the amount thereof, viz., $809.90 with interest. These allegations constitute the plaintiff's claim.

The averments in the affidavits of defense, which we assume to be true, are substantially as follows: That in October, 1911, and since the partition proceedings

were begun, defendant leased the real estate described in the bill from the owners for a term extending over a term of five years from April 1, 1912, at an annual rental of $200 and payment of taxes; that it was understood that he might place improvements thereon and charge the cost against the rent; that in case the property was later sold to him any excess of cost of improvement over the rent was to work a credit on his purchase price; that defendant informed the plaintiff before the sale that any bid he would make would be based on the terms and conditions of that lease and that plaintiff in accepting his bid well knew of those conditions; that when he gave the check described in plaintiff's statement he informed plaintiff that it would not be honored until June 10, 1913, so that the credits to which he would be entitled might be, by that time, computed, and that the money so expended in improvements in reliance on the faith and credit of said lease amounted to at least $2,200; that on June 10, 1913, he went to plaintiff's office to take up the question of credits and the amount of the purchase money bond and mortgage to be executed, but plaintiff refused to allow him any credits, whereupon defendant withdrew from the transaction, informed plaintiff that the check would not be paid, and stopped payment at the bank, where at that time he had sufficient funds to meet the same; that the amount of his bid, less said credits, would have been more than sufficient to defray all expenses and satisfy all claims against the property; that defendant, at the sale and before the property was knocked down to him, publicly announced that he had a claim against the property as heretofore stated; that he is advised that this suit is prematurely and improperly brought and plaintiff is not entitled to recover. In his amended affidavit of defense he alleges that he entered into possession of the property at the time the lease was made, has been in continuous possession ever since, during which time he made said improvements, and that he has

presented his petition to the court in said partition proceedings, setting forth the matters contained in his affidavit of defense, and praying that said sale be set aside.

On the argument of this rule for judgment the defendant presented his petition setting forth the matters alleged in his affidavit of defense, and obtained a rule to show cause why the said sale should not be set aside. We are unable to see wherein the allegations of defendant constitute a defense to this action. The plaintiff, as master in partition, was an officer of the court, and the sale so made was a judicial one. The defendant was fully aware of the terms of sale as fixed by the court, and he nowhere asserts that he was misled, deceived, or in any way induced by the master to make his bid by anything said or done by that officer. The defendant was bound to know at the time of his bid that the master would be required to sell the property in accordance with the terms of sale fixed by the court, and that the master could not stop at that stage of the proceedings to determine the controversies, and settle all the legal disputes, then existing, between him and the owners of the land. The master was merely the instrument of the court to carry out the purpose of the law, and the purpose of the law at that time was the sale of the property under the terms theretofore prescribed by the court, from which the master had no right then to depart. This defendant in making his bid has no higher right than any other creditor would have had in bidding at the sale; and to have judicial sales of this character held at bay by bidders, until their claims are adjusted by the master and then repudiated or accepted by them at will, would produce intolerable delays and confusion. The announcement of the terms of sale by the auctioneer and the bid of the defendant constituted a contract by which the bidder agreed to make the cash payment, for which this suit is brought. While it may not be material to the real question here involved, there is nothing specific in the affidavit of defense as to the na-

ture or character of, or time of making, the improvements for which he claims a credit. We cannot agree with the defendant's contention that the only remedy open to the plaintiff is to resell the property and hold the defendant responsible for any loss. We are concerned now only with the sufficiency of the affidavit of defense. If on hearing of the rule to set aside the sale it should be made absolute the whole matter will be under the control of the court and the interest of the defendant can be protected.

We are of opinion that the affidavit of defense is insufficient, and therefore rule absolute.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*Frederick W. Miller*, for appellant, cited: Fifth Bluecher Building Assn. v. Sylvester, 35 Pa. Superior Ct. 62; Pepper v. Deakyne, 212 Pa. 181; Dickson v. McCartney, 226 Pa. 552; Weast v. Derrick, 100 Pa. 509; Freeman v. Lieberman, 52 Pa. Superior Ct. 426.

*George H. Quaill*, for appellee, cited: Weast v. Derrick, 100 Pa. 509; Vandever v. Baker, 13 Pa. 121; Forster v. Hayman, 26 Pa. 266; Allen v. Gault, 27 Pa. 473; Dickson v. McCartney, 226 Pa. 552; Wright's App., 25 Pa. 373.

OPINION BY MORRISON, J., December 17, 1913:

This is an appeal by defendant from the judgment of the common pleas of Allegheny county for want of a sufficient affidavit of defense.

With much respect for the defendant's able counsel and his argument we are all of the opinion that when the defendant purchased the farm at a master's sale in partition proceedings, with full knowledge of the terms of the sale fixed by the decree of the court, he was bound to know that when he made his bid and gave his check for ten

per centum of the bid he became liable to pay the amount of the check and the able argument of his counsel has not convinced us that his affidavits of defense disclose a valid defense to the cause of action set forth in plaintiff's declaration.

We think the opinion of the learned judge below, which will appear in the report of the case, sufficiently vindicates the judgment.

The assignments of error are all overruled and the judgment is affirmed, and the appeal is dismissed at the cost of appellant.